Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janelle Cristales, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| RSI Enterprises, Inc. and Equifax Information Services, LLC, | |
| Defendants. | |

## NATURE OF ACTION

1. Plaintiff Janelle Cristales ("Plaintiff") brings this action against Defendants RSI Enterprises, Inc. ("RSI") and Equifax Information Services, LLC ("Equifax") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

Complaint - 1

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4. Plaintiff has standing to bring this action against Defendants, as their acts and omissions which give rise to the causes of action asserted herein caused her an injury in fact, including, but not limited to, an adverse impact on her credit score.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

## THE FAIR CREDIT REPORTING ACT

10. The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

11. Congress declared, through § 1681e(b) of the FCRA, that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).

12. Equifax, Experian, and Trans Union ("the Bureaus") are the three major consumer reporting agencies in the United States.

13. Consumers in the United States are frequently advised, through public education programs administered by the federal government, to review the information maintained about them by the Bureaus.

14. For example, the Federal Trade Commission directs American consumers to visit the website, www.annualcreditreport.com, in order obtain a free copy of their

credit reports from the Bureaus, which they are required to provide under § 1681g of the FCRA.

15. These efforts are aimed at making consumers aware that information kept by the Bureaus may be adversely affecting their ability to obtain affordable credit.

16. Under § 1681i, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly… the agency shall, free of charge, conduct a *reasonable reinvestigation* to determine whether the disputed information is inaccurate..." 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

17. In conducting this reasonable reinvestigation, the consumer reporting agency "*shall* review and consider *all* relevant information submitted by the consumer…with respect to such disputed information." *Id*. at § 1681i(a)(4) (emphasis added).

18. In order to show that a furnisher violated the FCRA at § 1681s-2(b), the furnisher must have "(1) received notice from a consumer reporting agency ("CRA") that the plaintiff[] disputed the [furnisher's] reporting of an account, and (2) the [furnisher] either failed to conduct a proper investigation or failed to report the results of that investigation to the CRA that provided the notice." *Notley v. Sterling Bank*, No. CIV.A. 3:06-CV-0536-G, 2007 WL 188682, at *3 (N.D. Tex. Jan. 24, 2007).

19. "If the investigation finds that the information reported is inaccurate or incomplete, the furnisher is required to modify, delete or permanently block the reporting of

the information. 15 U.S.C. § 1681s–2(b)(1)(E)." *Bashore v. Resurgent Capital Servs., L.P.*, No. 4:10-CV-585, 2011 WL 1304461, at *4 (E.D. Tex. Mar. 15, 2011).

## PARTIES

20. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

22. Plaintiff is a "consumer" as defined by the 15 U.S.C. § 1681a(c).

23. RSI is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

24. RSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. Equifax is a for-profit limited liability company engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

26. Equifax uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

27. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

28. In purporting to comply with its obligations under the FCRA to perform a reasonable reinvestigation of disputed credit information, Equifax uses the "E-Oscar"

system to send and receive information to and from furnishers of such information, such as RSI.

29. When Equifax receives a consumer's dispute, its employees create and send automated consumer dispute verification ("ACDV") forms through the E-Oscar system to the furnisher of the disputed information and await the furnisher's response.

30. Along with the ACDV form, Equifax will often (though not always) send documents received from consumer to the furnisher through the E-Oscar system.

31. Equifax employees who prepare these ACDV forms are often located outside of the United States and are often not native-English speakers.

32. The ACDV form contains the information currently being reported about the disputed item, some limited information regarding the nature of the consumer's dispute (as coded by Equifax employees), and fields for the furnisher to provide a response.

33. The ACDV form will typically contain an instruction to the furnisher on how to respond, which is often to simply "verify" the consumer's identity or the reported information.

34. The furnisher must then complete the ACDV form and return it to Equifax within the time required by the FCRA.

35. Equifax is aware that many—if not most—of their furnishers do little more than confirm that the information on the ACDV form matches the information in their recordkeeping systems that the furnishers use to report the item in the first place.

36. Once Equifax makes the decision to send an ACDV form to a furnisher, it will report whatever the furnisher instructs it to report—unless the furnisher's completed ACDV form contains internal inconsistencies.

37. Barring any such inconsistencies, Equifax does not compare the furnisher's response with the information received from the consumer initiating the dispute.

38. Thus, the practice of sending an ACDV form is not a true reinvestigation.

39. Nor does this practice comply with Equifax's obligation under § 1681i(a)(4) to "consider all relevant information submitted by the consumer."

40. Indeed, even the name of the form—*automated* consumer dispute *verification*—exemplifies that this practice is not intended to result in a reasoned analysis by a human being based on competing evidence.

41. Instead, Equifax seeks to do the least amount of work possible while meeting the time limits imposed by the FCRA for responding to disputes—lest it be required by the FCRA to delete the disputed information from the consumer's credit file and discourage furnishers from paying to furnish information on consumers.

42. Equifax has been on notice, for decades, that compliance with the "reasonable reinvestigation" requirement in § 1681i goes beyond "merely parroting information received from other sources." *See e.g.*, *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994) ("a credit reporting agency may be required, in certain circumstances, to verify the accuracy of its initial source of information"); *Stevenson v. TRW Inc.*, 987 F.2d 288, 293

(5th Cir. 1993) ("a credit bureau must bear some responsibility for evaluating the accuracy of information obtained from subscribers").

43.    Notwithstanding this guidance from the federal judiciary, Equifax has continued to rely solely on the responses received from its furnishers on ACDV forms, even in cases where a consumer provides sufficient information that would allow it to independently determine that the furnisher's response is incorrect.

44.    Equifax failed to perform a reasonable reinvestigation, in the exact manner described above, with respect to Plaintiff's dispute of information furnished by RSI.

45.    Plaintiff is a natural person allegedly obligated to pay a debt.

46.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Account").

47.    RSI uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

48.    RSI regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

49.    On or around June 25, 2018, Plaintiff received medical services from Sonora Quest Laboratories ("SQL") after a referral from her doctor.

50.    Plaintiff's doctor agreed to be responsible for the medical services.

51.    An original bill from SQL was sent to Plaintiff's doctor for payment.

52. Following negotiations between Plaintiff's doctor and SQL, an agreement was reached and the Account was paid no later than April 30, 2019. *See* Exhibit A at 3, attached hereto (SQL Statement dated April 30, 2019 showing "PRICING ADJUSTMENT" leaving "Balance" of "$0.00").

53. On or before January 18, 2019, SQL assigned the Account to RSI for collection.

54. On January 18, 2019, RSI began reporting the Account on Plaintiff's Equifax credit report.

55. Upon information and belief, RSI also reported Plaintiff's doctor's address to Equifax as Plaintiff's address.

56. As a result, Equifax began reporting her doctor's address as her address.

57. Upon information and belief, RSI sent an initial written communication (the "Initial Dun") to Plaintiff around that same time, i.e., January 18, 2019.

58. Upon information and belief, RSI addressed the Initial Dun to Plaintiff, c/o her doctor.

59. Upon information and belief, RSI mailed the Initial Dun to Plaintiff's doctor's office address.

60. RSI mailed another letter to Plaintiff dated May 22, 2019 (the "May 22, 2019 Dun").

61. RSI again addressed the May 22, 2019 Dun to Plaintiff, c/o her doctor.

62. RSI again mailed the May 22, 2019 Dun to Plaintiff's doctor's office address.

63. Around June 2019, Plaintiff obtained a copy of her Equifax credit report and discovered RSI's reporting of the Account.

64. At that time, RSI had last reported the Account to Equifax as unpaid on June 17, 2019.

65. At that time, Plaintiff contacted her doctor, who confirmed she did not owe the Account and that it had paid the Account.

66. Plaintiff disputed to Equifax the accuracy of the Account as reported on her Equifax credit report through a written letter dated June 10, 2019.

67. A true and correct copy of Plaintiff's June 10, 2019 dispute letter, excluding enclosures, is attached as Exhibit B.

68. In her dispute with Equifax, Plaintiff provided documentation showing that the Account had been paid in full.

69. Plaintiff provided Equifax with sufficient information to conclude that the information it possessed about the Account in its consumer credit file for Plaintiff was inaccurate.

70. The correspondence also gave Equifax sufficient information to independently verify Plaintiff's claims, had it performed a reasonable reinvestigation of the Account.

71. Upon information and belief, Equifax provided RSI with notice of Plaintiff's dispute by sending it an ACDV form through the E-Oscar system.

72. Upon information and belief, Equifax provided RSI with the documentation that Plaintiff sent it, including the correspondence from SQL and her doctor.

73. On or about July 19, 2019, Equifax responded to Plaintiff's dispute stating that it had researched the Account and updated the reporting.

74. A true and correct copy of Equifax's response to Plaintiff's dispute is attached hereto as Exhibit C.

75. Equifax's July 19, 2019 response showed the Account reporting as "unpaid" with a "Balance Amount" of $132. *See* Exhibit C at 4.

76. Upon information and belief, Equifax did not contact SQL.

77. Upon information and belief, Equifax did not contact Plaintiff's doctor.

78. Upon information and belief, Equifax relied solely on RSI's responses on the ACDV in reinvestigating the Account.

79. In addition, because Plaintiff provided Equifax with documentation of the inaccuracies in Plaintiff's consumer credit file, it knowingly failed to correct inaccurate information in Plaintiff's credit file despite receiving actual notice of such inaccuracies.

80. RSI has never mailed any letter directly to Plaintiff.

81. RSI has never placed a phone call to Plaintiff.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1681i**
**EQUIFAX**

36. Plaintiff repeats and re-alleges each factual allegation above.

37. Equifax violated 15 U.S.C. § 1681i by failing to correct inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by otherwise failing to comply with the procedures outlined in that section.

38. As a result of Equifax's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

39. Equifax's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Equifax's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Equifax violated 15 U.S.C. § 1681i;

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1681s-2(b)**
**RSI**

51. Plaintiff repeats and re-alleges each factual allegation above.

52. A person violates 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate a consumer's dispute of the reporting of inaccurate information about the

consumer to consumer reporting agencies, by failing to review all relevant information regarding the same, and by failing to appropriately respond to the consumer reporting agency.

53. Upon information and belief, Equifax provided RSI with notice of Plaintiff's dispute.

54. Upon information and belief, RSI failed to adequately provide accurate information about the Account in response to the notice of Plaintiff's dispute RSI received from Equifax.

55. Therefore, upon information and belief, RSI violated 15 U.S.C. § 1681s-2(b) by failing to adequately provide accurate information about the Account in response to the notice of Plaintiff's dispute from Equifax and communicating to Equifax information which is known or which should be known to be false.

56. As a result of RSI's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

57. RSI's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

58. In the alternative, RSI's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that RSI violated 15 U.S.C. § 1681s-2(b);

    b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

    c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a);

    d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

    e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(b)

82. Plaintiff repeats and re-alleges each factual allegation contained above.

83. With limited exceptions not relevant to this action, section 1692c(b) of the FDCPA prohibits debt collectors from communicating with any person other than the consumer in connection with the collection of the debt.

84. RSI violated 15 U.S.C. § 1692c(b) by send collection letters to Plaintiff's doctor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that RSI violated 15 U.S.C. § 1692c(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

85. Plaintiff repeats and re-alleges each factual allegation contained above.

86. The FDCPA prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

87. RSI violated 15 U.S.C. § 1692e(2)(A) by falsely representing to Plaintiff's doctor and Equifax that the Account was unpaid and had an outstanding balance.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that RSI violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(8)

88. Plaintiff repeats and re-alleges each factual allegation contained above.

89. The FDCPA prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false…." 15 U.S.C. § 1692e(8).

90. RSI violated 15 U.S.C. § 1692e(8) by communicating to Equifax that the Account was unpaid and had an outstanding balance.

91. In addition, or in the alternative, RSI violated 15 U.S.C. § 1692e(8) by communicating to Equifax that Plaintiff was personally obligated to pay the Account.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RSI violated 15 U.S.C. § 1692e(8);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692f

92. Plaintiff repeats and re-alleges each factual allegation contained above.

93. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

Complaint - 16

94. RSI violated 15 U.S.C. § 1692f by reporting the Account to Equifax with respect to Plaintiff, when it only communicated directly with Plaintiff's doctor about obtaining payment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RSI violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(a)

95. Plaintiff repeats and re-alleges each factual allegation contained above.

96. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

97. RSI first communicated with Plaintiff about the Account through the Initial Dun.

98. In the alternative, RSI first communicated with Plaintiff about the Account through the May 22, 2019 Dun.

99. In the alternative, RSI first communicated with Plaintiff about the Account through its response to Equifax's notification of Plaintiff's dispute.

100. In any case, RSI violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the disclosures required therein or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RSI violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

101. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 2, 2020

Respectfully submitted,

                    <u>s/ Russell S. Thompson, IV</u>
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff